

**ORDERED in the Southern District of Florida on April 12, 2010.**

**Erik P. Kimball, Judge
United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No. 10-14324-EPK |
| NORMAN & MINA BLANCHARD FAMILY TRUST, | Chapter 7 |
| Debtor. _____/ | |

**ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION [DE 23]**

This matter came before the Court upon the *Debtor's Motion for Reconsideration and to Reinstate and Allow / or Allow Filing as Chapter 11* [DE 23] (the "Motion") filed by Charles Edward Lincoln as trustee of the Debtor, the Norman & Mina Blanchard Family Trust. In the Motion, Mr. Lincoln seeks reconsideration of this Court's March 31, 2010 *Order Dismissing Chapter 7 Case for Failure to Appear at the § 341 Meeting of Creditors* [DE 21] (the "Order").

On February 23, 2010, Mr. Lincoln, as trustee for the Debtor, filed a petition on behalf of the Debtor commencing the above-captioned chapter 7 case. On the same day the clerk of the

court filed the Court's standard *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines* [DE 2] (the "Notice"). Pursuant to Federal Rule of Bankruptcy Procedure 2002(a)(1) and Local Rule 2002-1(C)(1), the Bankruptcy Noticing Center served the Notice on the Debtor and all creditors via first class mail on February 25, 2010. The Notice stated that the meeting of creditors under 11 U.S.C. § 341 was scheduled for March 26, 2010 at 10:30 a.m. at the Flagler Waterview Building, 1515 North Flagler Drive, Room 870, West Palm Beach, Florida 33401. The Notice also stated as follows, in bold face type, directly below the date, time, and location of the meeting of creditors: "**WARNING TO DEBTOR: Without further notice or hearing the court may dismiss your case for failure of the debtor to appear at the meeting of creditors or failure to timely file required schedules, statements or lists.**"

As set forth in this Court's Local Rule 1017-2(B)(1), and in the Notice addressed above, it is longstanding practice in this district to dismiss a bankruptcy case, with prejudice to the filing of a bankruptcy petition under any chapter of the Bankruptcy Code for a period of 180 days, for failure to attend the meeting of creditors.

The Debtor did not appear at the meeting of creditors in this case on March 26, 2010. On that same day, Robert C. Furr, the chapter 7 trustee in this case, filed his *Chapter 7 Trustee's Motion to Dismiss Case for Failure to by Debtor(s) to Appear at the § 341 Meeting of Creditors* [DE 20] requesting that the Court dismiss this case for failure of the Debtor to appear at the meeting of creditors. On March 31, 2010, consistent with Local Rule 1017-2(B)(1), the Court entered its Order dismissing the above-captioned case. On April 2, 2010, Mr. Lincoln filed the Motion asking the Court to reconsider its Order.

Upon filing a bankruptcy petition, a debtor undertakes a number of duties under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules. The

2

debtor's attendance at the meeting of creditors under 11 U.S.C. § 341 is one of the debtor's primary duties.  In a chapter 7 case such as this, the meeting of creditors is often the only time creditors have an opportunity to question the debtor.  Chapter 7 trustees in this district hold hundreds of meetings of creditors each month.  They prepare for those meetings, reviewing documents filed by the debtor and documents previously tendered at their request.  Creditors receive notice of the meetings of creditors.  The chapter 7 trustees regularly report that creditors appear and take part in meetings of creditors.  A debtor's failure to attend the meeting of creditors, for no reason other than the debtor forgot about the meeting, warrants immediate dismissal of the case.  Such failure is prejudicial to the creditors and the chapter 7 trustee because it denies them the ability to interview the debtor in a timely way.  Such failure disrupts the judicial administration of the case.

Under Federal Rule of Civil Procedure 60(b)(1), made applicable to this case by Federal Rule of Bankruptcy Procedure 9024, a court may relieve a party from a judgment or order for "excusable neglect."  To make a finding of "excusable neglect," the Court must consider "all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Mr. Lincoln argues that relief is warranted as a result of excusable neglect, stating that he "either never saw the date of the [meeting of creditors] or forgot that it had been set the very day he filed the Petition (February 23, 2010) and never thought about it since."  Mr. Lincoln's allegation that he "never saw the date of the [meeting of creditors]" in the circumstances of this

3

case does not constitute excusable neglect under *Pioneer*. In *Pioneer*, counsel for a creditor failed to file a proof claim before the deadline, alleging he was unaware of the claims bar date, which "came at a time when he was experiencing 'a major and significant disruption' in his professional life caused by his withdrawal from his former law firm." *Pioneer*, 507 U.S. at 384. The Supreme Court gave "little weight to the fact that counsel was experiencing upheaval in his law practice at the time of the bar date." *Id.* at 398. The Court considered "significant" the fact that "the peculiar and inconspicuous placement of the bar date in a notice regarding a creditors' meeting, without any indication of the significance of the bar date, left a dramatic ambiguity in the notification." *Id.* Finding in favor of the movant, the Supreme Court stated:

> This is not to say, of course, that respondents' counsel was not remiss in failing to apprehend the notice. To be sure, were there any evidence of prejudice to petitioner or to judicial administration in this case, or any indication at all of bad faith, we could not say that the Bankruptcy Court abused its discretion in declining to find the neglect to be "excusable." In the absence of such a showing, however, we conclude that the unusual form of notice employed in this case requires a finding that the neglect of respondents' counsel was, under all the circumstances, "excusable."

*Id.* at 398-99.

Unlike the form of notice considered in *Pioneer*, the Notice in this case contains clear and conspicuous information regarding the meeting of creditors and the effect of the Debtor's failure to attend. The title of the Notice includes the words "Meeting of Creditors" in large print. All of the information regarding the meeting of creditors appears in large, bold lettering in the center of the first page of the Notice. The Notice here specifically warned that the Court may dismiss the case without further notice or hearing for failure to attend the meeting of creditors. The Notice was properly served on Mr. Lincoln. Mr. Lincoln's failure to read the Notice and take note of the date, time, and location of the meeting of creditors does not constitute excusable neglect.

In the alternative, Mr. Lincoln states that he forgot that the meeting of creditors was scheduled for March 26, 2010. In an attempt to convince the Court that Mr. Lincoln's lapse of memory was reasonable under the circumstances, Mr. Lincoln states that he was physically assaulted on March 11, 2010, and that his right elbow was fractured in the assault. Mr. Lincoln states that, in addition to the physical pain associated with the assault, he was anxious and fearful over the fact that he was staying as a guest at the home of an individual who, because of her own fear and anxiety regarding the assault, did not want Mr. Lincoln to file a police report and who eventually asked Mr. Lincoln to temporarily leave her home. Mr. Lincoln then states that he visited Central Florida, "attending among other things a symposium at the University of Central Florida on Saturday, March 27, 2010."

This Court gives little weight to the fact that Mr. Lincoln was "experiencing upheaval" in his personal life in the weeks prior to the meeting of creditors. *Pioneer*, 507 U.S. at 398. Mr. Lincoln had reasonable control over his ability to remember the date, time, and place of the meeting of creditors. Mr. Lincoln's forgetting the date of the meeting of creditors was certainly neglectful, but it is not excusable under the circumstances of this case.

Because the allegations contained in the Motion do not support a finding of excusable neglect in this case, the request to vacate the Order will be denied.

In the alternative, Mr. Lincoln asks the Court to amend or modify the Order to remove the provision prohibiting the Debtor from filing a petition under any chapter of the Bankruptcy Code for a period of 180 days. Mr. Lincoln does not allege any facts in support of this request, stating only that he "had already decided to move and request for a conversion of his Chapter 7 Petition to a Chapter 11 Petition." This statement does not constitute cause to shorten or remove the prejudice period contained in the Order.

5

In addition, the Court notes that the Debtor is an artificial entity that cannot appear in this case except through an attorney licensed to practice before this Court. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) (citing *Osborn v. President, Dirs., and Co. of the Bank of the U.S.*, 22 U.S. 738, 830 (1824)); *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."). "[T]he rationale for that rule applies equally to all artificial entities." *Rowland*, 506 U.S. at 202. Artificial entities like corporations and partnerships are unable to represent themselves and "the only proper representative of a corporation or a partnership is a licensed attorney, not an unlicensed layman regardless of how close his association with the partnership or corporation." *Turner v. Am. Bar Ass'n*, 407 F. Supp. 451, 476 (N.D. Tex. 1975) (quoted in *Palazzo*, 764 F.2d at 1385). This rule applies equally to trusts, preventing a trustee from appearing on behalf of a trust in federal court. *See, e.g., Marin v. Leslie*, 337 F. App'x 217, 219-20 (3d Cir. 2009) (citing *Rowland*, 506 U.S. at 201-02); *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 347-48 (8th Cir. 1994).

The Motion was filed by Mr. Lincoln. Mr. Lincoln is the trustee for the Debtor, not a lawyer licensed to practice before this Court. The Debtor is not represented by counsel in this case. The Debtor's failure to file the Motion through counsel constitutes a separate and distinct reason to deny the relief requested in the Motion. *See Palazzo*, 764 F.2d at 1386 (dismissal of corporation's claims for lack of proper representation); *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006) (action or motion filed by a corporation appearing without a licensed attorney should be dismissed or denied).

Having considered the Motion and being otherwise fully advised in the premises, it is ORDERED AND ADJUDGED that the Motion [DE 23] is DENIED.

###

Copies furnished to:

Norman & Mina Blanchard Family Trust
2620 Nature's Way
Palm Beach Gardens, FL 33410

Robert C Furr
www.furrtrustee.com
2255 Glades Road Ste 337W
Boca Raton, FL 33431

AUST

*The clerk of the Court is directed to serve this Order on all creditors.*